[No. 15959.   Department Two.   January 5, 1921.]

CHARLEY McLEAN, *Respondent,* v. COMMERCIAL MOTORS COMPANY, *Appellant.*[1]

CONTRACTS (181-1)—AMOUNT OF AGREED COMMISSIONS—INSTRUCTIONS. In an action to recover commissions on automobile sales, the jury was properly instructed that plaintiff was entitled to recover the commission fixed by the written contract upon all sales that were accepted, unless he agreed to take a less commission.

SAME. Where the evidence showed that plaintiff was entitled to $422.40 as commissions, unless he agreed to accept a less sum of one per cent, which was tendered, it is not an invasion of the province of the jury to so instruct, authorizing a verdict either for the one sum or the other as the jury might find.

Appeal from a judgment of the superior court for King county, Tallman, J., entered March 18, 1920, upon the verdict of a jury in favor of the plaintiff, in an action for balance due on a contract.   Affirmed.

*Roberts & Skeel* and *J. J. Geary,* for appellant.

*Poe & Falknor,* for respondent.

MOUNT, J.—This action was brought to recover $422.40 from the defendant, alleged to be a balance due upon a written contract for commissions at 7½ per cent upon the selling price of six automobile trucks. The defendant admitted the employment of the plaintiff, but denied that there was any amount due the plaintiff and, as an affirmative defense, alleged that the plaintiff had sold two of these automobile trucks upon an agreed commission of 1 per cent; that there was due plaintiff $54.45, which had been tendered and refused by the plaintiff.   For a reply, the plaintiff denied that he had made an agreement for 1 per cent, but admitted the tender and refusal of $54.45.   Upon

[1]Reported in 194 Pac. 792.

these issues, the case was tried to the court and a jury, and resulted in a verdict and judgment in favor of the plaintiff for $422.40. The defendant has appealed.

On the trial, it appeared that the appellant had employed the respondent to sell automobile trucks upon a commission. This contract provided, among other things, as follows:

"The compensation to be paid to said second party by said first party shall be a percentage on sales as made and accepted by said first party, which shall be a commission of six (6) per cent on the list chassis price f. o. b. factory, and in the event five or more new trucks are sold by said second party, and such sales accepted and concluded by said first party, the commission on all of such sales shall be increased to seven and one-half per cent."

Under this contract respondent sold four trucks in Seattle. He then went to Bremerton and sold two more to a dealer there. It is admitted that the respondent sold six of these trucks and the sales were accepted by appellant, but appellant testified that there was a special agreement that the two trucks sold at Bremerton should be upon a commission of 1 per cent. The respondent testified that there was no such agreement. This was the only issue tried in the case. There were but two witnesses who testified concerning this issue. The respondent positively denied there was any agreement except the written one, while the president of the appellant company testified there was a special agreement of 1 per cent commission as to the two trucks sold at Bremerton. This clearly made a question of fact for the jury.

Appellant argues that the court erred in instructing the jury as follows:

"If you find from a fair preponderance of the evidence that the plaintiff was negotiating a sale of the

two trucks to a Mr. Abrahams of Bremerton, and that said sale was practically consummated and was thereafter consummated, and the trucks sold and delivered, it did not rest within the power of the defendant to announce to the plaintiff that it would allow him a 1 per cent commission upon said sales, unless the plaintiff agreed to it. The plaintiff would have the right, notwithstanding any statement of the defendant made after plaintiff had negotiated the sale, that it would only allow him 1 per cent upon the sales of those two certain trucks, to proceed and bring about the consummation of said sale and insist upon the payment of the commission under the terms of the written contract, unless plaintiff agreed to take a less commission than that as set forth in said written agreement.''

The specific objection to this instruction is that the words the plaintiff would have the right ''to proceed and bring about the consummation of said sale and insist upon the payment of the commission under the terms of the written contract,'' take away from appellant the right to accept and conclude the sale which he is given under the terms of the written contract. It is not clear just what these words would mean if they stood alone, but taken in connection with the whole instruction, the court no doubt meant to and did say to the jury that, unless the respondent agreed to a less commission than set out in the written contract, he had a right to bring about the consummation of the sale—that is, have it accepted by appellant—and insist upon the commission fixed by the contract. The appellant under the written contract had a right to accept or reject a sale. If he accepted a sale made by the respondent without both agreeing upon a less commission than the one fixed by the written contract, that contract then fixed the commission. In order to avoid the commission of $7\frac{1}{2}$ per cent, the appellant was bound to reject the sale, or agree with the respondent

upon a less commission. There is no dispute that the appellant accepted the sale. It follows that respondent was entitled to his contract commission unless he agreed upon a lesser amount. We think there was no error in the instruction.

Appellant also argues that the court erred in an instruction to the jury to bring in a judgment for the plaintiff in the sum of $54.45 in case they found the written contract had been modified, and that if they did not so find, the verdict should be for $422.40, because this instruction invaded the province of the jury. The record very plainly shows that the parties agreed that the appellant owed the respondent $54.45 which had been tendered to him and that, if the jury found that respondent did not agree to the commission of 1 per cent on the last two sales, then appellant owed the respondent $422.40. It was therefore not error for the court to so instruct the jury.

The appellant also insists that the court should have granted a new trial. This contention is based upon the errors above discussed.

We find no reversible error in the record, and the judgment must therefore be affirmed.

HOLCOMB, C. J., MITCHELL, MAIN, and TOLMAN, JJ., concur.